Filed 5/19/14  P. v. Eppes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074244 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037133) |
| v. | |
| GEOFFREY DEXTER EPPES, | |
| Defendant and Appellant. | |

Defendant Geoffrey Dexter Eppes was charged with the following offenses, all alleged to have occurred on or about August 26, 2012:  first degree burglary; possession of cocaine; possession of cocaine base for sale; possession of a firearm by a felon with a prior conviction of possession of a controlled substance; possession of a short-barreled rifle or shotgun; possession of hydrocodone; possession of ecstasy; possession of methamphetamine; and possession of metal knuckles.  As to the possession of cocaine base for sale, it was alleged that defendant was personally armed with a firearm in the commission of the offense.

Defendant pled no contest to burglary, possession of cocaine base for sale, and possession of a firearm by a felon, and to a pending misdemeanor DUI, in return for a maximum

state prison sentence of eight years four months, the dismissal of all remaining charges, and the striking of the personal-arming allegation.

According to the probation report, to which the parties stipulated as a factual basis for the plea, on the morning of August 26, 2012, defendant pounded on the victims' front door, then kicked the door open. Defendant said he was looking for someone who owed him money. The victims told defendant the person had moved, but defendant, who appeared agitated and aggressive, yelled at them and demanded money from them. After a few minutes, he said he believed they did not know the person he was looking for, apologized for kicking the door in, and left in a black Chevrolet Malibu. While the victims were speaking to a police officer, another officer noticed a black Chevrolet Malibu near the victims' apartment, parked in the middle of the street and blocking the roadway. The officer contacted a person walking quickly toward the car (defendant). Defendant's pupils were dilated, his speech was rapid, he appeared short of breath, and his breath and person emanated a strong odor of alcohol. After the officers detained defendant, the victims identified him. At the police station, the officers patsearched defendant and found a bag in his pocket containing cocaine. At his residence, the officers found numerous controlled substances and a short-barreled shotgun.

On September 16, 2011, a law enforcement officer made a traffic stop of defendant because he appeared intoxicated while driving. A plastic baggie containing marijuana was found in his car. After field sobriety tests, defendant was arrested for driving under the influence of alcohol or drugs.

The trial court sentenced defendant to a total state prison term of six years for the felonies, with a six-month concurrent sentence on the misdemeanor DUI (case No. SCR86775). The court awarded defendant 351 presentence credit days (306 actual days and 45 conduct days). As to the main case, the court imposed a $280 restitution fine and a suspended parole revocation restitution fine in the same amount; a $120 court operations assessment; a $10 theft fine, plus required surcharges, totaling $39; a $50 criminal laboratory analysis fee, plus required surcharges, totaling $195; a $150 drug program fee, plus required surcharges, totaling $585; and a $90 criminal conviction assessment. As to the misdemeanor DUI case, the court imposed a

2

fine of $440, plus required surcharges, totaling $1,845. The court reserved jurisdiction over victim restitution.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, because the abstract of judgment does not reflect the Vehicle Code conviction as well as the fine and surcharges totaling $1,845, which the trial court imposed in the trailing misdemeanor case. The court is directed to order the preparation of an amended abstract.

### DISPOSITION

Defendant's conviction and sentence are affirmed. The matter is remanded to the trial court with directions to amend the abstract of judgment as described above and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                        ROBIE            , J.



We concur:



        HULL            , Acting P. J.



        BUTZ            , J.



3